MARSANNE WEESE, ESQ (CABN 12838)
Attorney at Law
255 Kansas Street #340
San Francisco CA 94103
Telephone: (415) 565-9600
Facsimile: (415) 565-9601
marsanne@marsannelaw.com

Attorney for Defendant,
JOSE MEXICANO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOSE MEXICANO,<br><br>　　　　Defendant. | Case No.: 5:24-CR-00226-006 BLF<br><br>**DEFENDANT JOSE MEXICANO'S SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE**<br><br>**Court:**　　Hon. Beth L. Freeman<br>**Hearing Date:**　October 21, 2025<br>**Hearing Time:**　9:00 a.m. |

## INTRODUCTION

　　The defendant, Jose Mexicano, through counsel Marsanne Weese, hereby files this sentencing memorandum, to recommend the Court impose the jointly recommended sentence of 60 months incarceration, 3 years supervised release, and a $100 special assessment.  This recommendation is consistent with the written plea agreement entered into in this case and is recommended by the Government and Probation.

　　Mr. Mexicano has no objections to the final Pre-Sentence Report (PSR).  Mr. Mexicano's joins the Government and Probation in submitting that a downward variance is warranted based on factors including his exposure to drugs and gangs at a young age, and his unstable upbringing, marked by the absence of his father, which led to the Mr. Mexicano turning to negative gang influences when he was

young.  In addition, the variance is supported by the Mr. Mexicano's strong family support and his plan to move out of Salinas area.

## I. PROCEDURAL BACKGROUND

On April 18, 2024, a grand jury in the Northern District of California returned an indictment charging Mr. Mexicano with one count of allegedly violating 18 U.S.C. § 1962(d).  PSR ¶ 1.  On May 27, 2025, Mr. Mexicano pled guilty to the indictment pursuant to a written plea and filed pursuant Federal Rules of Criminal Procedure, Rule 11, subdivision (c)(1)(C).  The parties jointly recommended in the plea agreement a sentence of imprisonment of 60 months, a 3-year term of supervised release, and a $100 special assessment.  Mr. Mexicano voluntarily surrendered on the day of his plea and has been in custody since that date.

## I. SENTENCING FACTORS SUPPORT A DOWNWARD VARIANCE FOR MR. MEXICANO.

Mr. Mexicano respectfully requests that the Court sentence him to 60 months.  In sentencing Mr. Mexicano, this Court must consider each directive set forth in 18 U.S.C. § 3553(a).  Sentencing guidelines are only one factor among that this Court must consider.  *See Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007).  "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of section 3553(a).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted).  This Court can find support for a variance after application of the mitigation factors contained in 18 U.S.C. § 3553, subdivision (a).

The factors this Court can consider include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further

crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1)-(2).

First, as to the nature of the RICO charge, Mr. Mexicano understands the seriousness of this crime. The requested sentence of 60 months is significant prison sentence. As the court is aware, the plea agreement in this case was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), by which the parties "agree[d] that a specific sentence" was "the appropriate disposition of the case..." Fed.R.Crim.Pro. 11(c)(1)(C). Thus, the agreed-upon sentence was one that considered the government's full investigation of the RICO conspiracy and its uniquely qualified assessment of Mr. Mexicano's limited conduct within the larger context of the conspiracy; the jointly proposed sentence also accounts for the government's assessment of Mr. Mexicano's relative culpability, the extenuating circumstances and mitigating facts surrounding the conduct, as well as possible defenses that Mr. Mexicano waived in order to enter into this plea.

As reflected in the presentencing report, Mr. Mexicano was raised in an impoverished neighborhood by a single mother. PSR ¶ 74. Mr. Mexicano had to quit high school because he worked to financially assist his family. Mr. Mexicano also had a learning disability that affected his ability to continue attending school. Mr. Mexicano has worked consistently for most of his adult life.

Mr. Mexicano admitted to selling narcotics and firearms in his plea agreement and explained that the selling of those items was also for personal use. The extra money that Mr. Mexicano made went to his mother and siblings. However, Mr. Mexicano has realized that in order to have a more prosperous and law-abiding future, he will need to change and to turn away from the influences that have shaped him since he was a child.

Mr. Mexicano has thought a lot about how to change his environment for future success. Mr. Mexicano's future is to move out of Salinas and live with relatives until he can afford his own place in central California. PSR ¶ 76. While he is in custody, he wants to finish is GED. PSR ¶ 76. After he is released from custody, Mr. Mexicano plans to continue his education in an electrician trade school. PSR ¶ 76. Prior to his arrest, Mr. Mexican was attending trade school for electricians, but he had to quit after his arrest. PSR ¶ 82. If he is not able to locate a program for electrical, then he plans to start a trade program in plumbing. PSR ¶ 76. Mr. Mexicano has worked in construction, specifically plumbing, and is excited about starting a career as an electrician or a plumber. PSR ¶ 76, 83.

Mr. Mexicano has the support of his family. Mr. Mexicano informed the pretrial service officer that Mr. Mexicano helped raise his younger siblings. PSR ¶ 77. She also informed the officer that she plans to move out of Salinas to be in a better environment for Mr. Mexicano. PSR ¶ 77.

Further, a sentence of 60 months is adequate to protect the public and to deter future criminal conduct.

Lastly, 18 U.S.C. § 3353(a)(6) mandates that the Court consider the need to avoid unwarranted sentencing disparities between similarly situated defendants. Here, co-defendant Gil Vasquez, received a 72-month sentence on August 26, 2025. As alleged in the indictment, Mr. Vasquez sold firearms, sold narcotics, and attempted to murder an individual in 2016. Mr. Mexicano's involvement in the conspiracy was substantially more limited and thus warrants a 60-month sentence.

## CONCLUSION

For the foregoing reasons, Mr. Mexicano respectfully requests a sentence of 60 months, followed by three years of supervised release.

///

///

4

Dated: October 14, 2025

Respectfully submitted,
/s/Marsanne Weese

---

MARSANNE WEESE
Attorneys for Defendant
JOSE MEXICANO